FILED

APR 2 3 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

LEBERT A. GORDON #2143-ccO
USP Hazelton **Petitioner,**
PCB 2000
Brucetin, WV 26525

v.

THE FEDERAL BUREAU OF PRISONS
**Respondent,**

Case: 1:07-cv-00734
Assigned To : Unassigned
Assign. Date : 4/23/2007
Description: GORDON V BOP

---

## PETITION FOR WRIT OF MANDAMUS
## UNDER 28 U.S.C. §1361 AND
## HABEAS CORPUS §2241

---

Comes now, the Petitioner, Lebert A. Gordon, Pro Se, pursuant to Title 28 U.S.C., Section §1361 and Section §2241 request this Honorable Court to issue an Order to Compel Respondent to properly calculate and apply Petitioner's Institutional Good Time Credit to his remaining non-mandatory aggregated minimum term reflecting accurately his parole eligibility date (P.E.D.).

### JURISDICTION

1. This Court is granted authority and jursidiction under Title 28 U.S.C., Section §1361 and Section §2241.

    a). Section §1361 - Action to compel Officer of the United States to perform his duty states: "The District Court shall have original jurisdiction of any action in the nature of Mandamus to Compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

    b). Section §2241 - Federal Courts have jurisdiction to entertain a state prisoner's Habeas Corpus petition if his confinement is the result of a violation of federal law. Such a petition may be filed in the district court for the district in which the prisoner is incarcerated or that in which he/she was convicted and sentenced.

RECEIVED

MAR 17 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

2.  Petitioner, Lebert A. Gordon was transferred into the
the custody of the Federal Bureau of Prisons as a result of the
enactment of the D.C. Revitalization Act, enacted August 5, 1997.

    a).  D.C. Revitalization Act States: "This Act makes the
         Bureau responsible for the custody, care, subsistence,
         education, treatment and training of the felony population
         sentenced pursuant to the District of Columbia Code
         (D.C. Code Offenders).  (D.C. Code Sec. 24-101(b)) D.C.
         Code offenders in Bureau custody are subject to Federal
         Laws and Bureau regulations as long as they are 'consistent
         with the sentence imposed'."

    b).  28 CFR 523, Sub-Chapter B [Computation of Sentence]: "As
         numerous D.C. Code provisions were analyzed for applicability
         to Bureau functions, it was generally concluded that the
         Bureau would have to follow D.C. Code sentence calculation
         provisions (e.g., good time, jail credit, etc.) to the
         extent non-compliance would result in an ex post facto
         violation of the offender's sentence.  The Bureau based
         this approach on the provision in D.C. Revitalization Act
         requiring the Bureau to apply Federal Laws to D.C. Code
         offenders 'consistent with the sentence imposed'."

3.  To the extent Petitioner wishes to bring a Habeas Corpus
claim regarding the Computation of his sentence is vested in
Alston v. United States, 590 A.2d, 511, 514 (D.C. 1991) and Blair
v. Quick, 151 F.3d 1036 (D.C. Cir. 1998).  Further, the actions
of the Bureau of prisons in whose custody Petitioner resides is
an agency (officer and employee) of the United States Government,
United States Department of Justice and Administrative Remedy
Headquarters Central Office is located at 320 First Street, N.W.,
Washington, D.C. 20534 does fall within the District of Columbia's
Long-arm Statute which exercises over individual jurisdiction based
upon  D.C. Codes "Long-arm" Statute at D.C. Code §13-423 (2000).
Thus, jurisdiction of this Honorable Court does apply here-in.

## ADMINISTRATIVE REMEDIES

Petitioner has exhausted all Administrative Remedies available to him.  See Exhibits "A" [Central Office Administrative Remedy Appeal], Exhibit "B" [Regional Administrative Remedy Appeal], Exhibit "C" [Request for Administrative Remedy], Exhibit "D" [Request for Administrative Remedy Informal Resolution Form], and Exhibit "E" [Letter dated February 27, 2006 to Ms. Joanna Fielder, D.C. Computation Designation and Sentence Computation Center].

All of Petitioner's Administrative Remedy request appeals were denied and his letter to Ms. Joanna Fielder, D.C. Computation Designation and Sentence Computation Center received no response.

## STATEMENT OF FACTS

Petitioner is a District of Columbia prisoner sentenced under D.C. Code offenses.  Petitioner was sentenced under Case Number F-6524-85 to 24 years, 4 months to 73 years on counts L,M,N and to 26 years, 4 months to Life on counts H,I,J,K.  Those sentences were aggregated resulting in a minimum term of 50 years and a maximum term of life.  Petitioner was imposed a mandatory minimum term of 20 years on the 26 years, 4 months to life sentence.

Petitioner initially received 3,680 days of District of Columbia Institutional Good Time Credit (D.C.I.G.T.) on 30 years, 8 months non-mandatory minimum, 604 days of Jail Credit (J/C) and 159 days of the District of Columbia Educational Good Time Credit, see Exhibit "F" [Sentence Monitoring Computation Data as of 01-30-2007] and Exhibit "G" [Sentence Monitoring Good Time Data as of 01-12-2006].

-3-

Petitioner never received the fully allotted amount of D.C.I.G.T. on his total aggregated 50 year minimum sentence. See Exhibit "H" [§2.5 Sentence Aggregation] and Exhibit "I" [P.S. 5880.30, Chapter VII, page 28 (8)(a) Consecutive sentences. which states: "As to Consecutive Sentences 18 U.S.C. §4161 provides in part: 'When two or more consecutive sentences are to served, the aggregate of the several sentences shall be the basis upon which the deduction shall be computed. Based on 18 U.S.C §4161, **consecutive adult sentences, regardless of the type of parole, or non-parole, eligibility involved are combined (aggregated) into a single sentence for sentence computation purposes'"**].

Petitioner's offense of 1985 which was committed prior to April 11, 1987 is govern by Sentence Computation Manual-Old Law-a.k.a. P.S. 5880.30. Further, the District of Columbia Department of Corrections (D.C.D.C.) utilized 18 U.S.C. §4161 (S.G.T.) for offenses committed prior to April 11, 1987.

> §4161 states: "Each prisoner convicted of an offense against the United States and confined in a penal or correctional institution for a definite term other than for life, whose record of conduct shows that he has faithfully observed all the rules and has not been subjected to punishment, shall be entitled to a deduction from the term of his sentence beginning with the day on which the sentence commences to run as follows: ...ten days for each month, if the sentence is ten years or more. **...when two or more consecutive sentences are to be served, the aggregate of the several sentences shall be the basis upon which the deduction shall be computed."**

See Exhibit "J" [P.S. 5880.32, chapter 11, pages 1 thru 3 (11.1)

(11.3)], Exhibit "K" [P.S. 5880.30, chapter XIII, page (2)(a)], and Exhibit "L" [P.S. 5880.30, chapter IV, page 1(1)].

Petitioner's sentence calculation computation is govern by Exhibit "L" [P.S. 5880.30, chapter IV, pages 1 and 2, sec. (2) (3)(4)], and alluded to in Exhibit "J" [P.S. 5880.32, shapter 11, page 3, sec. (a) and (b). However, section (c) in this same manual states: **"There are no examples of pre-April 11, 1987 sentence calculations for D.C. Code Sentences in this manual since those calculations are the same as for U.S. Code Old Law sentences which are fully discussed and described in the <u>Sentence Computation Maunual-Old Law</u>."**].

### RELIEF SOUGHT

Petitioner seeks this Honorable Court to Order Respondent to properly calculate Petitioner's Institutional Good Time Credit in accordance with the applicable statute governing by law at the time his offense was committed in 1985.

18 U.S.C. §4161 was the statute governing at the time of petitioner's offense as well as Sentence Computation Manual-Old Law (P.S. 5880.30) as indicated in the newly enacted District of Columbia Sentence Computation Manual (P.S. 5880.32) dated 1/23/2001. Petitioner finds both statutes to be analogous and only differs as to the F.B.O.P.'s interpretation with administering D.C. inmates Good Time Credits.

Where there is an ambiguity in the interpretation of a criminal statute, the Rule of Lenity is applied. This venerable

rule, which traces its origin to the days of the Marshall Court, compels a court to resolve ambiguity in a criminal statute in favor of the defendant.  See: <u>United States v. R.L.C.</u>, 503 U.S. 291, 305, 117 L.Ed 559, 112 S.Ct. 1329 (1992); <u>United States v. Wiltberger</u>, 18 U.S. 76, 95, 5 L.Ed. 37 (1820).  The rule embodies: "The instinctive distaste against men languishing in prison unless the lawmaker has clearly said they should."  Id. (quoting H. Friendly, Mr. Justice Frankfurter and the Reading of Statutes, in Bench Marks 196, 209 (1967).

Secondly, Petitioner's date of commited offense is 1985.  The Bureau's P.S. 5880.32 was not enacted until 1/21/2001, which does not govern Petitioner's offense.  Further, Petitioner does not contest D.C. Law 24-434 which states that: "Institutional and Educational Good Time Credits shall not be **applied** to minimum terms of persons sentenced under the District of Columbia Mandatory-Minimum Sentences initiative of 1981, effective March 9, 1982."  Nor does Petitioner disagree with the language contained within Exhibit "M" [P.S. 5880.32, chapter 16, page 5 (16.17)(b) which states: **"A minimum term that exceeds the mandatory minimum portion may <u>receive</u> Good Time Credits for the difference between the date the mandatory minimum term expires and the date the total minimum term expires.  <u>The Final Parole Eligibility date may never be reduced to a date that is earlier than the date that would be established based only on the mandatory minimum terms</u>."**

Petitioner asserts that no where in this language there exist an ambiguity or implies that the mandatory minimum sentence in not combined (aggregated) with the non-mandatory minimum sentences for Institutional Good Time calculations. See specific language in Exhibits "H", "I", "J", and "K". Therefore, the F.B.O.P. practice of deaggregating the sentences for computing (calculating) D.C. Code offenders Institutional Good Time Credit must be curtailed.

Aditionally, where an amibiguity occurs in a statute and/or program statement which was enacted after the date Petitioner's offense was committed, cannot be applied. "Statutes enacted or amended after prisoner was sentence cannot be applied to alter conditions of or revoke his preexisting parole eligibility notwithstanding that conduct purportedly triggering application of statute occurred after it's enactment." See U.S.C.A. Const. Art. 1, Sec. 10, Cl. 1, and Fender v. Thompson, 883 F.2d 203. Also, the Ex Post Facto prohibition forbids the Congress and the States to enact any law which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then precribed. See: Hoyt Weaver, 450 U.S. 24, 67 L.Ed. 2d 17, 101 S.Ct. 960 (2/24/81), Cummings v. Missouri, 4 wall 277, 325-326, 18 L.Ed. 356 (1867), and Lindsey v. Washington, 301 U.S. 397, 401, 81 L.Ed 1182, 57 S.Ct. 797 (1937).

Petitioner does not seek Institutional Good Time Credit to be deducted from his mandatory minimum sentence against established laws. As was done in Franklin v. Ridley, 635 A.2d 356 (1993) Where: "On November 11, 1986, the Trial Court sentenced appellant to four to twelve years in prison for distribution of a controlled substance. The four year term was a mandatory minimum sentence (see D.C. Code §33-541). The Court suspended execution of all but the four year mandatory minimum sentence and ordered five years of probation to follow the four years of incarceration. In August 1987, pursuant to the Trial Court's request, appellant was transferred to a Federal prison. Appellants Judgement and Commitment Order, which was forwarded to the Federal Prison, indicated that appellant was not entitled to parole or to Good Time Credit because he was serving a mandatory four year sentence until June 6, 1990. Notwithstanding appellant's Judgment and Commitment Order, the Federal Bureau of Prisons gave appellant 336 days of Good Time and other Credits and released him on April 30, 1989."

Petitioner now comes before your Honorable Court, petitioning for the total Institutional Good Time Credit guaranteed to him by law and as acknowledged owed to petitioner in Exhibit "A" [Central Office Administrative Remedy Appeal Response Denial dated 10/23/06, which stated: **"You have to serve the mandatory minimum 20-year term without benefit of IGT, since it is a mandatory**

-8-

term. (**Emphasis Added**) **Any IGT earned will be applied to the remaining time to be served after the mandatory minimum term is completed. This GCT will be applied to the remaining aggregate minimum term of 30 years, 8 months.**"

Petitioner's case is exceptional in that his offense of 1985 and Jail Time Credit shows that Petitioner's 20 years mandatory minimum sentence expired in 2005. Thus, Petitioner should be granted his remaining owed Institutional Good Time Credit as calculated in accordance with Exhibits "J", page 3 and "L", pages 1 & 2.

Example as follows:  50 yrs. and 8 months = 608 months,

608 months x 10 days = 6,080 days(IGT),

6,080 days - 3,680 days = 2,400 days.

Therefore, there are 2,400 days of Institutional Good Time Credit owed to be deducted from Petitioner's remaining minimum term.

## CONCLUSION

Petitioner has a protected Liberty Interest in his Good Time Credit, see Constitutional Law §525 - due process - liberty interest. Earned credit and the freedom from displinary segregation are "Liberty Interests" protected by the Fourteenth Amendment. While these interest do not arise from the Due Process Clause itself, they can be created by State Law, see Hewitt v. Helms, 459 U.S. 460, 471-72 (1983). Further, the Court of Appeals for the Seventh Circuit has held repeatedly

-9-

that prisoners have a protected liberty interest in Good Time Credit that they have earned, see Thomas v. McCaughtry, 201 F.3d 995, 999 n.4 (7th Cir. 2001); Sweeney v. Parke, 113 F.3d 716, 718 (7th Cir. 1997); and Meeks v. McBride, 81 F.3d 717, 719 (7th Cir. 1996). Petitioner has shown a violation deprivation of his protected Liberty Interest: "...Actions that impose an a typical and significant hardship in relation to the ordinary incidents of prison Life and (b) unexpectedly alter the inmates term of imprisonment." See Sandin v. Connor, 515 U.S. 472, 484, 132 L.Ed 2d 418, 115 S.Ct. 2293 (1995) and Moreland v. the Federal Bureau of Prisons, 363 F.Supp. 2d 882, 887 (S.D. Tex. 2005). Thus, Petitioner has established a Liberty Interest in his Good Time Credit vested in Statute 18 U.S.C. §4161, P.S. 5880.30, P.S. 5880.32, the District of Columbia Good Time Credit Act of 1987 and as acknowledged by Respondent in Exhibit "A".

Wherefore, Petitioner respectfully request that this Honorable Court grants his petition and issue an Order for the requested relief.

Respectfully Submitted,

Mr. Lebert A. Gordon
Reg. No. 02143-000
U.S.P. Hazelton
P.O. Box 2000
Bruceton Mills, W.V. 26525

-10-

## **DECLARATION**

I, Lebert A. Gordon, do hereby declare under the penalty of perjury (28 U.S.C. §1746) that the foregoing information is true and correct to the best of my knowledge mailed by First-Class prepaid U.S. Postage to the United States District Court for the District of Columbia this 27th day of February, 2007.

Signature of Affiant: *Lebert A. Gordon*
Mr. Lebert A. Gordon

EXHIBIT "A"

LEBERT GORDON, 02143-000
HAZELTON USP     UNT: F     QTR: F03-123L
P.O. BOX 450
BRUCETON MILLS,  WV 26525



07 0734

FILED

APR 2 3 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

U.S. Department of Justice

Central Office Administrative Remedy Appeal

Federal Bureau of Prisons

---

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP–DIR–9 and BP–DIR–10, including any attachments must be submitted with this appeal.

From: __GORDON, LEBERT A.__    __02143-000__    __F-2__    __USP HAZELTON__
LAST NAME. FIRST. MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

**Part A—REASON FOR APPEAL**    I AM RESPECTFULLY APPEALING THE REGIONAL ADMINISTRATIVE REMEDY APPEAL RESPONSE DATED AUGUST 14, 2006 OF MY REQUEST FOR 2447 DAYS OF INSTITUTIONAL GOOD TIME CREDIT TO BE CALCULATED AND DEDUCTED FROM THE REMAINING NON-MANDATORY MINIMUM PORTION OF MY SENTENCE. THE REGIONAL ADMINISTRATIVE REMEDY APPEAL RESPONSE IS INCOMPATIBLE WITH THE SPECIFICITY OF MY PARTICULAR ISSUES AND AS SUCH DID NOT ADDRESS AN ANSWER TO THEM. THEREFORE, I HUMBLY ASK THAT YOU REVIEW MY ATTACHED REGIONAL ADMINISTRATIVE REMEDY APPEAL AND NOTE THAT I DO NOT DISAGREE WITH THE LANGUAGE OF P.S. 5880.32, CHAPTER 16. **I AM NOT ASKING FOR GOOD TIME TO BE APPLIED TO OR BE DEDUCTED FROM MY MANDATORY MINIMUM TERM** WHICH I'VE ALREADY FULLY SERVED. MY OLD LAW SENTENCE REQUIRES UNDER THE STATUTES OF P.S. 5880.30(OLD LAW), P.S. 5880.32 AND 18 U.S.C. §4161 THAT: **"WHEN TWO OR MORE CONSECUTIVE SENTENCES ARE TO BE SERVED THE AGGREGATE OF THE SEVERAL SENTENCES SHALL BE THE BASIS UPON WHICH THE DEDUCTION SHALL BE COMPUTED."** AND IN CONJUNCTION WITH MY OLD LAW 1985 OFFENSE, P.S. 5880.30, CHAPTER 7, PAGE 28(8)(a) STATES: **BASED ON 18 U.S.C. § 4161, CONSECUTIVE ADULT SENTENCES, REGARDLESS OF THE TYPE OF PAROLE, OR NON-PAROLE, ELIGIBILITY INVOLVED, ARE COMBINED(AGGREGATED) INTO A SINGLE SENTENCE FOR SENTENCE COMPUTATION PURPOSES."** TO DENY MY RELIEF WOULD BE TO CREATE AN EX-POST-FACTO VIOLATION.

__8-23-06__                                     _(signature)_
DATE                                          SIGNATURE OF REQUESTER

**Part B—RESPONSE**

Administrative Remedy Section

---

_____    GENERAL COUNSEL
DATE

ORIGINAL: RETURN TO INMATE        CASE NUMBER: _409169-A1_

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**Part C—RECEIPT**                        CASE NUMBER: _____

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

SUBJECT: _____

_____    ♺ Printed on Recycled Paper    SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL    BP–231(13)
DATE                                                        APRIL 1982

USP LVN

Administrative Remedy No. 409169-A1
Part B - Response


You appeal the Regional Director's response to your
Administrative Remedy, wherein you request Institution Good Time
(IGT) be applied to the minimum term of your District of Columbia
(DC) Superior Court aggregate sentence.

A review of our records reveals you are serving a 24-year, 4
month to 73-year sentence under Docket number F 6524-85 L, M, N,
and you received a 26 year, 4 month to life sentence under Docket
number F 6524-85 H, I, J, K.  These two sentences were combined
(aggregated) resulting in a life term.  The aggregate minimum
term is 50 years, 8 months.  You have to serve the mandatory
minimum 20-year term without benefit of IGT, since it is a
**mandatory minimum** term. (Emphasis added) Any IGT earned will be
applied to the remaining time to be served after the mandatory
minimum term is completed.  This GCT will be applied to the
remaining aggregate minimum term of 30 years, 8 months.

Program Statement 5880.32, <u>District of Columbia Sentence
Computation Manual</u> Chapter 52, paragraph 14, states, "**only the
non-mandatory minimum portion of the sentence may receive good
time credit deductions.**"

Your appeal is denied.


October 23, 2006
_____
          Date

_____
          Harrell Watts, Administrator
          National Inmate Appeals

EXHIBIT  "B"

### REGIONAL ADMINISTRATIVE REMEDY APPEAL
#### Part B - Response

**Date Filed: May 16, 2006**                    **Remedy ID No.: 409169-R1**

You are appealing the Warden's response to your Administrative
Remedy.  You request 2447 days of Institutional Good Time Credit
be deducted from the remaining non-mandatory minimum sentence.

A review of your records shows that you were sentenced in the
District of Columbia Superior Court April 23, 1987, to a term of
24 years, 4 months to 73 years.  On October 22, 1987, you
received a 26 year, 4 month to Life sentence with a mandatory
minimum of 20 years.  These sentences were aggregated together
which reflects a minimum sentence of 50 years, 8 months to Life.

Bureau of Prisons Programs Statement 5880.32, <u>District of
Columbia Sentence Computation Manual</u>, Chapter 11.3, states that
DCDC utilized Title 18, U.S.C § 4161 (SGT) for offenses committed
prior to April 11, 1987.  Chapter 16, refers to minimum terms and
parole eligibility.  Paragraph 16.17 provides for the rules that
apply for the awarding of good time credits when a mandatory
minimum term makes up some or all of the minimum term.  Paragraph
16.17(b), states that a minimum term that exceeds the mandatory
minimum portion, may receive good time credits for the difference
between the date the mandatory minimum term expires and the date
the total minimum term expires.  In other words, no good time is
applied to the mandatory minimum term.

Your sentence computation has been reviewed and found to be
computed in accordance with statute and Bureau of Prisons policy.
You are not eligible to receive additional Institutional Good
Time Credit.

Your appeal of the Warden's response is denied.  If you are
dissatisfied with this response, you may appeal to the General
Counsel, Federal Bureau of Prisons, 320 First Street, N.W.,
Washington, D.C.  20534.  Your appeal must be received in the
General Counsel's Office within 30 days from the date of this
response.

AUG 1 4 2006
_____
Date

_Fo W. APhilly_
_____
K. M. White
Regional Director
Mid-Atlantic Region

07 9734

FILED

APR 2 3 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

U.S. Department of Justice

Federal Bureau of Prisons

#48 ③

**Regional Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

From: _Gordon, Lebert A._    _02143-000_    _F-2_    _USP-Hazelton_
  LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A—REASON FOR APPEAL** BP-9 #409169-F2 failed to grant the requested relief under P.S. 5880.30 which was in place at the time of the occurrence of my 1985 offense. But has used P.S. 5880.32, chapter 11.2 Enacted January 23, 2001 To deny my relief creating An Ex-Post Facto Violation, where Congress forbid the states to enact Any law "which imposes a punishment for An Act which was not punishable At the time it was committed, or imposes Additional punishment to that then proscribed." Further, Supreme Court case Law has Adequately Addressed this matter in Hoyt Weaver V. Robert Graham, 450 US 24, 67 L.Ed 17, 101 S. Ct. 960.

_May 9, 2006_    [SEE Attachment]    _Lebert A. Gordon_
  DATE            SIGNATURE OF REQUESTER

**Part B—RESPONSE**

RECEIVED

MAY 1 6 2006

Bureau of Prisons
MARO Regional Counsel

_____    _____
  DATE                   REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE    CASE NUMBER: _409169 - R1_

**Part C—RECEIPT**

                                      CASE NUMBER: _____

Return to: _____
      LAST NAME, FIRST, MIDDLE INITIAL       REG. NO.       UNIT       INSTITUTION

SUBJECT: _____

_____    _____
                         SIGNATURE, RECIPIENT OF REGIONAL APPEAL

BP-230(13)
APRIL 1982

Regional Administrative Remedy Appeal #409169-F2
Gordon, Lebert A.
#02143-000
May 9, 2006
Attachment Page (2)

In Response to paragraph #2: P.S. 5880.32 refutes any Denial of my requested relief based on the usage of any passage from its Program Statement when it states specifically in Chapter 11, page 3 (c) " there are no examples of pre-April 11, 1987 Sentence Calculations for D.C. Code Sentences in this manual since those calculations are the same as for U.S. Code Old Law sentences which are fully discussed and described in the Sentence Computation Manual- Old Law [5880.30]."

My specific contention is that P.S. 5880.32, chapter 11.2 should not be used to deny me my earned 2447 Institutional Good time withheld days. ✪

Even if my Old-Law Sentence were to receive Statutory (Institutional) good time credit based on this non-Applicable Statute 5880.32, chapter 16, page 5 (6), the Ambiguous Language is being mis-interpreted and applied. I Agree with P.S. 5880.32, 16.17 (6) that: " A minimum term that exceeds the Mandatory minimum portion, may <u>receive</u> good time credits for the difference between the date the mandatory minimum expires and the date the <u>total</u>

REGIONAL Administrative Remedy Appeal #409169-F2
Gordon, Lebert A.
#02143-000
May 9, 2006
Attachment Page (1)

Minimum term expires," And that: "the final parole
eligibility date may never be reduced to a date that
is earlier than the date that would be established
based only on the mandatory minimum term."

What I do not agree with is the use of section
16.17(b) to calculate good time credit based only
on the non-mandatory portion of Old-Law sentences.
This practice is in violation of the statutes of P.S.
5880.30 (Old-Law), P.S. 5880.32 and 18 U.S.C. §4161.
the language in all these statutes are unambiguous
in stating that: "When two or more consecutive
sentences are to be served the aggregate of
the several sentences shall be the basis upon which
the deduction shall be computed." Further, P.S. 5880.30
(Old Law), chapter 7, page 28 (8)(a) states: "Based
on 18 U.S.C. §4161, Consecutive Adult sentences,
regardless of the type of parole, or non-parole,
eligibility involved, Are combined (Aggregated) into a
single sentence for sentence computation purposes."

Further, in response to paragraph #3 where
it states that: "the Bureau of Prisons applies DCGCT
in accordance with D.C. Code §24-428." this statute
became effective April 11, 1987 As noted in P.S. 5880.32,

Regional Administrative Remedy Appeal/#409169-F2
Gordon, Lebert A.
#02143-000
MAY 9, 2006
Attachment Page (4)

Chapter 12.2: "... 24-428 became effective on April 11, 1987." P.S. 5880.32, 11.1 states emphatically that: "... Prior to April 11, 1987, D.C. Code Sentences that were served in the D.C. Jail or in the Workhouse of the District of Columbia were calculated under provisions of §24-405." thus, this Statute D.C. Code 24-428 does not apply to my 1985 Old Law offense which is covered by Sentence Computation Manual - Old Law [5880.30] and the provisions of §24 405.

<u>Relief Requested</u>

therefore, I having successfully served the 20 year mandatory portion of my aggregated minimum sentence is entitled to the 2997 withheld Institutional Good time Credit earned and that it be deducted from my remaining Non-mandatory minimum sentence to reflect my proper Parole Eligibility date (P.E.D.) Also Let it be noted that this is for the purpose of exhausting my Administrative Remedies for future Litigation.

EXHIBIT "C"

REQUEST FOR ADMINISTRATIVE REMEDY
ADMINISTRATIVE REMEDY #409169-F2

I am in receipt of your Request for Administrative Remedy wherein you request that Institution Good Time (DCIGT) be deducted from your aggregate minimum sentence in accordance with Program Statement(PS) 5880.30, Sentence Computation Manual, rather than PS 5880.32, District of Columbia Sentence Computation Manual.

You were sentenced in the D.C. Superior Court to an aggregate sentence of 50 years, 8 months to Life in docket number F6524-85. PS 5880.32, Chapter 11.2, reads, in part, "for D.C. Code offenders confined at the non-workhouse facilities at Lorton or in the BOP, the sentences are calculated under the provisions of the U.S. Code with the exception of the minimum term (parole eligibility)." Calculation of a minimum term is performed in accordance with the D.C. Code.

The calculation of your parole eligibility date (PED) includes all eligible DCIGT. The Bureau of Prisons applies DCIGT in accordance with D.C. Code §24-428 and is reflected as Statutory Good Time (SGT). You have a 50 year, 8 month minimum term with a 20 year mandatory minimum. You are eligible to receive SGT on 30 years, 8 months at a rate of 10 days per month for a total of 3680 days of SGT. You have also earned 159 days of D.C. Education Good Time (DCEGT). With the 3680 days of SGT and 159 days of DCEGT deducted from your minimum term your PED is October 23, 2025.

Based upon the foregoing it is our determination that your sentence computation is correct. Your request to have additional SGT deducted from your minimum term is denied.

If dissatisfied with this response, you may appeal to the Mid-Atlantic Regional Director, Federal Bureau of Prisons, Junction Business Park, 10010 Junction Drive, Suite 100-N, Annapolis Junction, Maryland 20701. Your appeal must be received in the Regional Office within 20 days of the date of this response.

_____                    4-28-06
Al Haynes                                   Date
Warden

07 0734
FILED

APR 2 3 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

U.S. DEPARTMENT OF JUSTICE                           REQUEST FOR ADMINISTRATIVE REMEDY

Federal Bureau of Prisons

---

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

| From: | GORDON, LEBERT A. | 02143-000 | F-2 | USP-HAZELTON |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A– INMATE REQUEST** On 2-15-06, I submitted a BP-8 to my Unit Team which was forwarded to ISM Moreno. This writer has on several occasion since requested an answer reply to his BP-8 (see attached) from ISM Moreno and on all occasions was told that due to his back-log he has not yet gotten to it. On our last conversation approximately one week ago, I was told by ISM Moreno that he would resolve the matter by contacting Ms. Joanna Fielder, D.C. Computation in Texas. She has also received a certified letter from me dated 2-27-06 (see attached) which has yielded no response. It is evidently clear that the process of Informal Resolution hinders and infringes upon an inmate's First Amendment Rights to seek redress grievance and Fifth Amendment Rights to Due Process. This because I cannot get an answer to my BP-8 and when I file a BP-9, BP-10, and BP-11 I'm told in succession that I have not followed procedures. This is a gross violation of my Constitutional Rights. Therefore, in light of the facts stated here-in and the fact that ISM Moreno is in violation of 28 CFR 542.10 thru 18, et. seq., I am submitting the following for your resolution:

FACTS

I am requesting that my Institutional (Statutory) Good Time Credit be properly

| 4-3-06 | (SEE ATTACHMENTS) | *Lebert A. Gordon* |
|---|---|---|
| DATE | | SIGNATURE OF REQUESTER |

**Part B– RESPONSE**

04-07-06 12:56 RCVD
04-05-06 15:50 RCVD

---

| | DATE | WARDEN OR REGIONAL DIRECTOR |

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE                    CASE NUMBER: 409169-F1 F2

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

SUBJECT: _____

| DATE | | RECIPIENT'S SIGNATURE (STAFF MEMBER) |

BP–229(13)
APRIL 1982

REQUEST FOR ADMINISTRATIVE REMEDY
INMATE: GORDON, LEBERT A.
REG. NO: 02143-000
DATE: 4-3-06
ATTACHMENT: Page (2)

deducted from my Aggregated Minimum Sentence in accordance with Program
Statement 5880.30 (Old Law Computation) and not by Program Statement 5880.32.
Program Statement 5880.32 does not apply to my 1985 offense.   Specifically,
Chapter 11, page 3 (c) states: "There are no examples of pre-April 11, 1987
sentence calculations for D.C. Code sentences in this manual since those
calculations are the same as for U.S. Code Old-Law sentences which are fully
discussed and described in the Sentence Computation Manual-Old Law."   If
P.S. 5880.32 is used it would create an EX POST FACTO violation/prohibition,
where Congress forbids the states to enact any law "which imposes a
punishment for an act which was not punishable at the time it was committed;
or imposes additional punishment to that then proscribed."

## RELIEF REQUESTED

In accordance with B.O.P Old Law calculation and its previous practice of
applying Institutional (Statutory) Good Time credit to Old Law D.C. Inmates,
I having served the Mandatory Minimum portion of my sentence is respectfully
requesting the release of 2447 Earned Withheld Institutional (Statutory)
days to be deducted from my remaining Aggregated Minimum Sentence to reflect
my proper Parole Eligibility Date (P.E.D.).

Respectfully Submitted,

*Lebert A Gordon*
Lebert A. Gordon

P.S.
BP-#8 response received on April 7, 2006 does not
Address EX Post Facto violation "where Congress forbids
the states to enact Any Law which imposes A punishment
for AN Act which was not punishable At the time it (offense)
was committed, or imposes Additional punishment to that
then proscribed." P.S. 5880.32 Does not Apply to my
Sentence see Chapter 11, page 3 (c).

Remedy Program
PAGE: Attachment A

F-484 Records

**EXHIBIT "D"**

UNITED STATES PENITENTIARY HAZELTON

REQUEST FOR ADMINISTRATIVE REMEDY
INFORMAL RESOLUTION FORM

Bureau of Prisons Program Statement 1330.13, Administrative
Remedy Procedures for Inmates, states that before the inmate
seeks formal review of a complaint, he must try to resolve the
complaint informally before the inmate will be given an
Administrative Remedy Form.  The informal resolution process
should be completed within five (5) working days.

| INMATE'S NAME: GORDON, LEBERT | REG. NO. 02143-000 | UNIT: F-2 |
|---|---|---|

1.  Specific Complaint:    **I am requesting that my Institutional(Statutory)**
**Good Time Credit be properly deducted from my Aggregated Minimum Sentence**
**in accordance with Program Statement 5880.30 (Old Law Computation) and**
**not by Program Statement 5880.32. This would create an EX POST FACTO**
**violation/prohibition, where Congress forbids the states to enact any law**
**"which imposes a punishment for an act which was not punishable at the**
**XXXXXXXXXXXXXXXX    time it was committed; or imposes additional**
**punishment to that then proscribed."**

   Relief Requested:    **In accordance with B.O.P. Old Law calculation and**
**its previous practice of applying Institutional(Statutory) Good Time**
**credit to Old Law D.C. Inmates, I having served the Mandatory Minimum**
**portion of my sentence is requesting the release of 2447 Earned and**
                    **(SEE ATTACHMENT)**

3.  Date of Incident: **February 27, 2006**

4.  Date Informal Resolution Form Issued to Inmate: 2-15-06 06

5.  Date/Time Informal Resolution Form Received From Inmate: 2-28-06

6.  Date/Time Informally Discussed With Inmate:

7.  Staff Response: Your sentence computation was calculated in accordance
with P.S. 5880.32 DC computation manual since your sentence is
from the D.C. superior Court.

                    FILED

8.  Date Administrative Remedy Provided:                APR 2 3 2007

9.  Informal Resolution was/was not accomplished:    NANCY MAYER WHITTINGTON, CLERK
                                                      U.S. DISTRICT COURT

Inmate's Signature/Register Number: Lebert A. Gordon 02143-000    Date: 4-7-06

Staff Member's Name and Title: D. Moreno, ISS / D. M___    Date: 4/4/06

Unit Manager's Signature:                                    Date:

Request for Administratve Remedy
Informal Resolution Form
From: Gordon, Lebert
Reg. No. 02143-000
Date: 2-27-06
F-484 Records
Page: (2)  Attachment


    Withheld Institutional(Statutory) days to be deducted from my
    remaining Aggregated Minimum Sentence to reflect my proper
    Parole Eligibility Date (P.E.D.).

                              Thank you!

                              *Lebert Gordon*
                              Lebert A. Gordon

EXHIBIT "E"

Mr. Lebert A. Gordon
Reg. No. 02143-000
USP-Hazelton
P.O. Box 2000
Briceton Mills, W.V. 26525

February 27, 2006

Ms. Joanna Fielder
D.C. Computation
Designation & Sent. Comp. Ctr.
U.S. Armed Forces Reserve Cmp.
346 Marine Forces Drive
Grand Prairie, Texas 75051

RE: Institutional(Statutory) & Industrial Good Time Credits

Dear Ms. Fielder:

I am respectfully requesting your assistance with receiving
the proper Institutional(Statutory) & Industrial Good Time Credits
from my Aggregated Minimum Sentence in accordance with Program
Statement 5880.30 (Old-Law Computation) and not by Program Statement
5880.32. This would create an EX POST FACTO violation/prohibition
where Congress forbids the states to enact any law "which imposes
a punishment for an act which was not punishable at the time it was
committed; or imposes additional punishment to that then proscribed."

Ms. Fielder, Program Statement 5880.32 does not apply to my
1985 offense. Specifically Chapter 11, page 3 (c) states: **There
are no examples of pre-April 11, 1987 sentence calculations for
D.C. Code sentences in this manual since those calculations are the
same as for U.S. Code Old-Law sentences which are fully discussed
and described in the Sentence Computation Manual-Old Law."**

Therefore, in accordance with B.O.P. Old-Law calcualtion and its
previous practice of applying Instituional(Statutory) and Industrial
Good Time Credits to Old-Law D.C. Inmates, I having served the 20 year
Mandatory Minimum portion of my sentence is requesting the release of
2447 Earned and Withheld Institutional(statutory) days and also 69
Earned Industrial days be deducted from the remaining portion of my
aggregated Old-Law Minimum sentence to reflect my proper Parole
Eligibility Date (P.E.D.). Thank you!

Respectfully yours,

_Lebert A. Gordon_
Mr. Lebert A. Gordon

FILED

07 0734    APR 2 3 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## TIME LINE OF SENTENCING
## LAWS FOR D.C. CODE SENTENCES

| 4-11-1987 | 6-22-1994 | 8-5-2000 |
|---|---|---|

| Old Law | DC Good Time Credits Act | DC OMNIBUS Act | DC SRAA |
|---|---|---|---|
| Offenses up to 4-10-1987 | DOO on/after 4-11-1987 Until 6-21-1994 | DOO on/after 6-22-1994 Until 8-4-2000 | DOO on/after 8-5-2000 |

**"OLD LAW"** - For offenses committed on or before April 10, 1987.
- ✔ Earn Statutory Good Time (SGT) off the maximum term only to create a Short Term Release Date. (18 USC §4161).
- ✔ Cannot earn SGT off the minimum term unless the minimum term overlaps 4-11-1987 date. SGT then becomes IGT and can be earned at a rate based on the min. term but only for the period that overlaps.
- ✔ May earn Education Good Time (EGT) off the minimum and maximum term to create a Short Term Release Date if Education program is completed on or after 4-11-1987.(24 DCC §429)
- ✔ These sentences can also earn BOP Extra Good Time credits while in BOP custody. (18 USC §4162).
- ✔ 180 day rule applies to these sentences as DC adopted its use with DC sentences. (18 USC §4164).
- ✔ No 2/3 date. DC has own statute for parole & never adopted (18 USC §4206(d)).
- ✔ Can be aggregated with U.S. Old Law sentences.
- ✔ Release Methods- EXP W/GT, EXP FT, MAND PAR, PAROLE.

**"District of Columbia Good Time Credits Act"** - For offenses committed on or after April 11, 1987 until June 21, 1994.
- ✔ May earn Institution Good Time (IGT), off the minimum and maximum terms. (24 DCC §428).
- ✔ May earn Education Good Time (EGT) off the minimum and maximum terms at a rate no less than 3 days and no more than 5 days per month. BOP proposed program will award only at 5 days per month rate. (24 DCC §429).
- ✔ May earn Extra Good Time off maximum term only. (18 USC §4162).
- ✔ The 180 day date does not apply to these sentences.
- ✔ Parole supervision is to the full term date.
- ✔ DC never implemented programs for DC Meritorious (24 DCC §429.1)or industry good time (24 DCC §458.9(g)).
- ✔ These sentences cannot be aggregated with U.S. code Old Law and SRA sentences.
- ✔ Can be aggregated with DC Old Law sentences.
- ✔ Release Methods- MANDATORY PAROLE and PAROLE.
- ✔ Established jail credit statute 24 DCC §431 and still current for all DC sentences under OCJRAA & SRAA.

**"OMNIBUS Criminal Justice Reform Amendment Act (OCJRAA)"** - For offenses committed on or after June 22, 1994.
- ✔ Cannot earn Institutional Good Time (IGT) as statute was repealed.
- ✔ May earn Education Good Time (EGT) at a rate of no less than 3 days and no more than 5 days per month.
- ✔ The 180 day date does not apply to these sentences.
- ✔ Parole supervision is to the full term date.
- ✔ Sentences cannot be aggregated with each other or any other sentences as the aggregation language in statute was repealed.(24 DCC §428, Institution good time, was repealed effective June 22, 1994)
- ✔ May be combined with other Omnibus sentences and DC Old Law and GTCA sentences for parole eligibility.
- ✔ Release Methods- EXP FT, MANDATORY PAROLE (result of Educ. Good Time earned), PAROLE (by USPC).

**"Sentencing Reform Amendment Act (SRAA) of 2000"**- For offenses committed on or after August 5, 2000.
- ✔ This act was not approved until 5:00 pm on August 11, 2000. SRAA applies to all offenses that were committed on or after 5:00 pm on August 11, 2000.
- ✔ Offenses committed from August 5, 2000 through 4:59 pm on August 11, 2000, may be sentenced under either OMNIBUS or SRAA provisions (determined by the courts).
- ✔ GCT under 18 USC §3621(b) - 54 days per year.
- ✔ Sentences that have a minimum and maximum term will be considered OMNIBUS.
- ✔ Sentences that have a single term and a period of supervised release will be considered SRAA.
- ✔ Under SRAA, parole has been abolished for both felony and misdemeanor sentences.
- ✔ SRAA sentences cannot receive a 3621(e)(2)(b), or 4046(c) reduction in sentence.
- ✔ SRAA sentences will be calculated the same as a PLRA sentence, therefore, these can be aggregated.
- ✔ Can be aggregated with other SRAA, SRAA YRA and PLRA sentences only.
- ✔ Release methods- GCT REL, FULL TERM REL.
- ✔ Fines -18 USC §3624(e) not applicable to holding inmate beyond release if fine unpaid or no installment agreement.

## EXHIBIT "F"

```
  HAZ3W   540*23  *            SENTENCE MONITORING          *     01-30-2007
PAGE 001           *            COMPUTATION DATA             *     13:54:10
                                 AS OF 01-30-2007

REGNO..: 02143-000 NAME: GORDON, LEBERT


FBI NO...........: 560844DA4          DATE OF BIRTH: 10-16-1963
ARS1.............: HAZ/A-DES
UNIT.............: F                    QUARTERS.....: F03-123L
DETAINERS........: NO                   NOTIFICATIONS: NO

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE:  LIFE

----------------------CURRENT JUDGMENT/WARRANT NO: 010 ----------------------

COURT OF JURISDICTION...........: DIST OF COLUMBIA, SUPERIOR CRT
DOCKET NUMBER...................: F 6524-85 L,M,N
JUDGE...........................: WALTON
DATE SENTENCED/PROBATION IMPOSED: 04-23-1987
DATE WARRANT ISSUED.............: N/A
DATE WARRANT EXECUTED...........: N/A
DATE COMMITTED..................: 06-17-2002
HOW COMMITTED...................: DC SUPERIOR COURT COMT
PROBATION IMPOSED...............: NO
SPECIAL PAROLE TERM.............:


RESTITUTION...: PROPERTY:  NO  SERVICES:  NO        AMOUNT:  $00.00

------------------------CURRENT OBLIGATION NO: 010 --------------------------
OFFENSE CODE....:  602
OFF/CHG: ASSAULT W/INTENT TO KILL WHILE ARMED (2CTS), 22DCC 501,
         3202. CARRYING A PISTOL WITHOUT A LICENSE, 22DCC 3204.

 SENTENCE PROCEDURE.............: DC CODE ADULT
 SENTENCE IMPOSED/TIME TO SERVE.:   73 YEARS
 MINIMUM TERM...................:   24 YEARS      4 MONTHS
 RELATIONSHIP OF THIS OBLIGATION
  TO OTHERS FOR THE OFFENDER....: CS TO ALL
 DATE OF OFFENSE................: 06-03-1985
----------------------CURRENT JUDGMENT/WARRANT NO: 020 ----------------------

COURT OF JURISDICTION...........: DIST OF COLUMBIA, SUPERIOR CRT
DOCKET NUMBER...................: F 6524-85 H,I,J,K
JUDGE...........................: WALTON
DATE SENTENCED/PROBATION IMPOSED: 10-22-1987




 G0002      MORE PAGES TO FOLLOW . . .
```

07 0734

FILED

APR 2 3 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

```
  HAZ3W   540*23 *            SENTENCE MONITORING          *    01-30-2007
PAGE 002          *          COMPUTATION DATA             *    13:54:10
                             AS OF 01-30-2007

REGNO..: 02143-000 NAME: GORDON, LEBERT


DATE WARRANT ISSUED.............: N/A
DATE WARRANT EXECUTED...........: N/A
DATE COMMITTED..................: 06-17-2002
HOW COMMITTED...................: DC SUPERIOR COURT COMT
PROBATION IMPOSED...............: NO
SPECIAL PAROLE TERM.............:

                 FELONY ASSESS  MISDMNR ASSESS  FINES        COSTS
NON-COMMITTED.:  $00.00         $00.00          $00.00       $80.00

RESTITUTION...:  PROPERTY:  NO   SERVICES:  NO      AMOUNT:  $00.00

------------------------CURRENT OBLIGATION NO: 010 -------------------------
OFFENSE CODE....:  621
OFF/CHG: MURDER WHITLE ARMED, DCC, ASSAULT WITH A DANGEROUS WEAPON
         2 COUNTS, CARRYING A PISTOL WITHOUT A LICENSE.

 SENTENCE PROCEDURE.............: DC CODE ADULT
 SENTENCE IMPOSED/TIME TO SERVE.: LIFE
 MINIMUM TERM...................:      26 YEARS      4 MONTHS
 DC MANDATORY MINIMUM TERM......:      20 YEARS
 RELATIONSHIP OF THIS OBLIGATION
  TO OTHERS FOR THE OFFENDER....: CS TO ALL
 DATE OF OFFENSE................: 05-12-1985

------------------------CURRENT COMPUTATION NO: 010 -------------------------

COMPUTATION 010 WAS LAST UPDATED ON 01-17-2006 AT HAZ AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010, 020 010




  G0002        MORE PAGES TO FOLLOW . . .
```

```
  HAZ3W  540*23 *              SENTENCE MONITORING        *     01-30-2007
PAGE 003 OF 003 *               COMPUTATION DATA          *     13:54:10
                                AS OF 01-30-2007

REGNO..: 02143-000 NAME: GORDON, LEBERT


DATE COMPUTATION BEGAN..........: 04-23-1987
AGGREGATED SENTENCE PROCEDURE...: DC CODE ADULT AGGREGATE
TOTAL TERM IN EFFECT............: LIFE
TOTAL TERM IN EFFECT CONVERTED..: LIFE
AGGREGATED MINIMUM TERM.........:   50 YEARS      8 MONTHS
COMBINED MANDATORY MINIMUM......:   20 YEARS
EARLIEST DATE OF OFFENSE........: 05-12-1985

                                    FROM DATE    THRU DATE
JAIL CREDIT.....................:   08-27-1985   04-22-1987

TOTAL JAIL CREDIT TIME..........: 604
TOTAL INOPERATIVE TIME..........: 0
STATUTORY GOOD TIME RATE........: 0
TOTAL SGT POSSIBLE..............: 0
PAROLE ELIGIBILITY..............: 10-23-2025
STATUTORY RELEASE DATE..........: N/A
TWO THIRDS DATE.................: N/A
180 DAY DATE....................: N/A
EXPIRATION FULL TERM DATE.......: LIFE

NEXT PAROLE HEARING DATE........: 04-00-2025
TYPE OF HEARING.................: INITIAL

PROJECTED SATISFACTION DATE.....: N/A
PROJECTED SATISFACTION METHOD...: LIFE

REMARKS.......: SERVING A MIN TERM OF 50 YRS 8 MNTS, P.E. DATE BASED ON 3680
                DAYS OF DCIGT FOR NON-MANDATORY MIN OF 30 YEARS 8 MONTHS.
                604 DAYS OF J/C AND 159 DAYS OF DCEGT USED TO REDUCE PED.
                COMP AMENDED 10-09-2003, TO CORRECT OBL. 010




S0055      NO PRIOR SENTENCE DATA EXISTS FOR THIS INMATE
```

EXHIBIT "G"

```
  HAZ2F  542*22 *           SENTENCE MONITORING        *      01-12-2006
PAGE 001 OF 001 *              GOOD TIME DATA          *      13:33:05
                            AS OF   01-12-2006
```

```
REGNO...: 02143-000    NAME: GORDON, LEBERT
ARS 1...: HAZ A-DES
COMPUTATION NUMBER..: 010                 FUNC..: PRT    ACT DT:
LAST UPDATED:  DATE.: 10-09-2003          FACL..: ATL      CALC: AUTOMATIC
UNIT...............: F                     QUARTERS............: F01-123L
DATE COMP BEGINS....: 04-23-1987          COMP STATUS.........: COMPLETE
TOTAL JAIL CREDIT...: 604                  TOTAL INOP TIME.....: 0
STATUTORY REL DT....: N/A                  EXPIRES FULL TERM DT: LIFE
CURRENT REL DT......: /
PROJ SATISFACT DT...: N/A                  PROJ SATISF METHOD..: LIFE
ACTUAL SATISFACT DT.:                      ACTUAL SATISF METHOD:
FINAL STAT GOOD TIME:                      FINAL EXTR GOOD TIME:
DAYS REMAINING......:                      FINAL PUBLC LAW DAYS:
```

```
----------------------EXTRA GOOD TIME EARNINGS-------------------------------

   INST      TYPE      DATE IN      DATE OUT        PRI/SEN IND
                         NONE

      EGT EARNED..................................:        0 DAYS

BREAK OVER DATE..................................:

-----------EXTRA GOOD TIME LUMP SUM AWARDS AND ADJUSTMENTS------------------
                         NONE

--------------EXTRA GOOD TIME DC EDUCATION CREDIT AWARDS--------------------

   INST PGM   ENROLLED    COMPLETED    INELIGIBLE ELIGIBLE MAX INCIDENTS AWARD
   LTN DOC                10-08-2003                                       159

      DC EDUCATION CREDITS...................:                159 DAYS

                                                         --------------
      TOTAL EGT..............................:             159 DAYS

--------STATUTORY GOOD TIME FORFEITURES, WITHHOLDINGS, RESTORATIONS--------

   INFRACTION     DECISION     ACTION     AMOUNT    INFR SEVERITY    FREQ
   DATE   NO       DATE        TYPE                 /RSN FOR ADJ
   NONE

      NET SGT FORFEITURES, WITHHOLDINGS, RESTORATIONS:        0 DAYS
```

```
  G0005       TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED
```

07 0734

FILED

APR 2 3 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

EXHIBIT "H"

### § 2.5 Sentence aggregation.

When multiple sentences are aggregated by the Bureau of Prisons pursuant to 18 U.S.C. 4161 and 4205, such sentences are treated as a single aggregate sentence for the purpose of every action taken by the Commission pursuant to these rules, and the prisoner has a single parole eligibility date as determined by the Bureau of Prisons.

[45 FR 44925, July 2, 1980]

07 0734

FILED

APR 2 3 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

© 2006 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

EXHIBIT "I"

P.S. 5880.30
July 16, 1993
Chapter VII, Page 28

| | | | | |
|---|---|---|---|---|
| Final EFT | = | 91-05-04 | = | 19117 |
| Less 180 Days | | | = | - 180 180 Days |
| **180 Day Date** | **=** | **90-11-05** | **=** | **18937** |
| | | | | |
| DCB | = | 79-04-03 | | |
| 1/3 of 11 Yrs 7 Mos | = | +03-10-10 | | 3 Yrs 10 Mo 10 Dys |
| Unconverted PE Date | = | 82-14-13 | | |
| Original PE Date | = | 83-02-12* | = | 16114 |
| Inoperative Time | | | = | + 301 301 Days |
| Tentative PE Date | = | 83-12-10 | = | 16415 |
| Presentence Time | | | = | - 118 118 Days |
| **Final PE Date** | **=** | **83-08-14** | **=** | **16297** |
| | | | | |
| DCB | = | 79-04-03 | | |
| 2/3 of 11 Yrs 7 Mos | = | +07-08-20 | | 7 Yrs 8 Mos 20 Dys |
| Original 2/3 Date | = | 86-12-22* | = | 17523 |
| Inoperative Time | | | = | + 301 301 Days |
| Tentative 2/3 Date | = | 87-10-19 | = | 17824 |
| Presentence Time | | | = | - 118 118 Days |
| **Final 2/3 Date** | **=** | **87-06-23** | **=** | **17706** |

**8. Consecutive and concurrent sentences.** The Bureau of Prisons
computes consecutive and concurrent sentences in accordance with the
provisions of **18 USC § 4161 and 3568 as described below.**

  **a. Consecutive sentences.** As to **consecutive** sentences, **18 USC §
4161** provides in part,

> **"When two or more consecutive sentences are to be served,
> the aggregate of the several sentences shall be the basis
> upon which the deduction shall be computed."**

   Based on **18 USC § 4161**, **consecutive** adult sentences, regardless
of the type of parole, or non-parole, eligibility involved, are
combined (aggregated) into a single sentence for sentence computation
purposes.

  **b. Concurrent sentences.** Although no statute exists that mentions
the term **"concurrent,"** a **court may order** that a sentence be served
concurrently with an existing sentence or violator term, providing
that the offense does not require some other result. If the court
remains silent as to the manner in which a sentence is to be served
in relation to an existing sentence, then, both the Bureau of Prisons
and the courts follow the rule that sentences imposed at the same, or
at a later time, run (operate) concurrently if the court is silent as
to the manner in which the sentences are to be served, provided that
the person is in exclusive federal custody (not under the
jurisdiction of a federal writ of habeas corpus from state custody)
at the time of sentencing and provided that the offense does not
require some other result. This position is supported by language in
**18 USC § 3568** which states in part,

07-0734
**FILED**

APR 2 3 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

EXHIBIT "J"

## CHAPTER 11

**11.  CALCULATION OF SENTENCE FOR OFFENSES COMMITTED PRIOR TO APRIL 11, 1987**

11.1 **D.C. Code Sentences Served in the D.C. Jail or in the Workhouse of the District of Columbia.**  Prior to April 11, 1987, D.C. Code Sentences that were served in the D.C. Jail or in the Workhouse of the District of Columbia were calculated under the provisions of § 24-405, Good conduct deduction (hereinafter referred to as District of Columbia good conduct time (DCGCT)).  The section states in part,

> *All persons sentenced to and imprisoned in the <u>Jail or in the Workhouse of the District of Columbia</u> [emphasis added], and confined there for a term of 1 month or longer who conduct themselves that no charge of misconduct shall be sustained against them shall have a deduction upon a sentence of not more than 1 year of 5 days for each month; upon a sentence of more than 1 year and less than 3 years, 6 days for each month; upon a sentence of not less than 3 years and less than 5 years, 7 days for each month; upon a sentence of 5 years and less than 10 years, 8 days for each month; and upon a sentence of 10 years or more, 10 days for each month, and shall be entitled to their discharge so much the earlier upon the certificate of the Superintendent of the Workhouse for those confined in the Workhouse, of their good conduct during their imprisonment.  When a prisoner has 2 or more sentences the aggregate of his several sentences shall be the basis upon which his deduction shall be estimated.*

11.2 **D.C. Code Sentences Served in the non-workhouse facilities at Lorton or in the BOP.**  For D.C. Code offenders confined at the non-workhouse facilities at Lorton, the sentences were calculated under the provisions of the U.S. Code with the exception of the minimum term (parole eligibility).  **Calculation of the minimum term was performed in accordance with the D.C. Code** (See Chapter 16,  Minimum Terms, Parole

07 0734

FILED

APR 2 3 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Eligibility).  The U.S. Code parole provisions (18 U.S.C. §§ 4201-4218) did not apply as the D.C. Code contained specific parole provisions.

a.   The U.S. Code provisions that were followed are: 18 U.S.C. §§ **4161, Computation generally; 4162, Industrial good time; 4163, Discharge; 4164, Released prisoner as parolee; 4165, Forfeiture for offense;** and **4166, Restoration of forfeited commutation.**  Only a brief explanation and description of these statutory provisions will be covered in this manual since they are comprehensively discussed in the **Sentence Computation Manual-Old Law.**

b.   The BOP continued to apply §§ 4161-4166 to D.C. offenders transferred to the BOP.

**11.3 18 U.S.C. § 4161, Computation generally.**  The DCDC utilized 18 U.S.C. § 4161 (SGT) for offenses committed prior to April 11, 1987 for prisoners committed to the non-workhouse facilities at Lorton because the good conduct time provisions of § 24-405 (DCGCT) in the D.C. Code applied only to persons sentenced to and imprisoned in the **Jail or in the Workhouse of the District of Columbia** as described above. § 4161 states:

> *Each prisoner convicted of an offense against the United States and confined in a penal or correctional institution for a definite term other than for life, whose record of conduct shows that he has faithfully observed all the rules and has not been subjected to punishment, shall be entitled to a deduction from the term of his sentence beginning with the day on which the sentence commences to run, as follows:*
>
> *Five days for each month, if the sentence is not less than six months and not more than one year.*
> *Six days for each month, if the sentence is more than one year and less than three years.*
> *Seven days for each month, if the sentence is not less than three years and less than five years.*
> *Eight days for each month, if the sentence is not less than five years and less than ten years.*
> *Ten days for each month, if the sentence is ten years or more.*

PS 5880.32
1/23/2001
Chapter 11, Page 3

*When two or more consecutive sentences are to be served, the aggregate of the several sentences shall be the basis upon which the deduction shall be computed.*

a.   The formula for determining SGT and DCGCT for a single month, or any number of months, is: **Month(s) x rate = Days for one or more months.** (For example: 7 months x the rate of 5 days per month = 35 days for the 7 months. 60 months x the rate of 8 days per month = 480 days for 60 months.)

b.   The formula for determining the days to award for a partial month is: **Days x rate ÷ 30 = Days (fractions are dropped) to award.** (For example: 11 days x the rate of 8 days per month = 88 days ÷ 30 = 2.9 days (fractions are dropped) = 2 days SGT. 15 days x the rate of 7 days per month = 105 ÷ 30 = 3.5 days (fractions are dropped) = 3 days SGT.

c.   There are no examples of pre-April 11, 1987 sentence calculations for D.C. Code sentences in this manual since those calculations are the same as for U.S. Code Old Law sentences which are fully discussed and described in the **Sentence Computation Manual-Old Law.**

**11.4  18 U.S.C. § 4162, Industrial good time.** This type of good time includes industrial good time, meritorious good time (not to be associated with § 24-429.1 Meritorious good time), camp good time and community corrections good time. All these forms of good time are collectively called extra good time (EGT).

a.   Industrial assignments at Lorton were awarded EGT under this provision to D.C. Code sentences for a period of time that ended in the 1980's. There may be D.C. Code offenders still serving D.C. Code sentences that received this type of EGT from DCDC. This EGT shall continue to be applied as awarded by the DCDC and will be considered vested.

b.   For prisoners in the custody of the BOP, EGT has been awarded to D.C. Code sentences from the 1940's to June 22, 1994 for offenses committed prior to June 22, 1994. **No EGT will be awarded to a D.C. Code sentence for an offense committed on or after June 22, 1994.** EGT earned in a BOP facility is vested.

c.   The formula for EGT is: **Days on assignment x rate = Product ÷ Days in month = Total number of days to be**

EXHIBIT "K"

[(c)  The provisions of this rule do not apply to inmates sentenced under the Sentencing Reform Act provisions of the Comprehensive Crime Control Act of 1984.  This means that inmates sentenced under the Sentencing Reform Act provisions for offenses committed on or after November 1, 1987 are not eligible for either statutory or extra good time, but may be considered for a maximum of 54 days of good conduct time credit per year [see 18 U.S.C. § 3624(b)].

2.    [DEFINITIONS § 523.1.]  ✳ ✳ ✳

[(a)  "Statutory Good Time" means a credit to a sentence as authorized by 18 U.S.C. § 4161.  The total amount of statutory good time which an inmate is entitled to have deducted on any given sentence, or aggregate of sentences, is calculated and credited in advance, when the sentence is computed.]

[(b)  "Extra Good Time" means a credit to a sentence as authorized by 18 U.S.C. § 4162 for performing exceptionally meritorious service or for performing duties of outstanding importance in an institution or for employment in a Federal Prison Industry or Camp.  "Extra Good Time" thus includes Meritorious Good Time, Work/Study Release Good Time, Community Corrections Center Good Time, Industrial Good Time, Camp or Farm Good Time, and Lump Sum Awards.  Extra good time and seniority are inseparable with the exception of lump sum awards for which no seniority is earned.]

[(c)  "Seniority" refers to the time accrued in an extra good time earning status.  Twelve months of "seniority" automatically causes the earning rate to increase from three days per month to five days per month and seniority is then vested.]

[(d)  "Earning Status" refers to the status of an inmate who is in an assignment or employment which accrues extra good time.]

3.    [GOOD TIME CREDIT FOR VIOLATORS § 523.2.]

[(a)  An inmate conditionally released from imprisonment either by parole or mandatory release can earn statutory good time, upon being returned to custody for violation of supervised release, based on the number of days remaining to be served on the sentence.  The rate of statutory good time for the violator term is computed at the rate of the total sentence from which released.]

07 0734

FILED

APR 2 3 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

EXHIBIT "L"

## IV  STATUTORY GOOD TIME

**1.    Statutory good time statute and explanation.** Statutory good time (SGT) is a credit (day) that a prisoner may earn, based on good conduct, that is deducted from the sentence **(EFT)** as authorized under **18 USC § 4161** and states,

> "Each prisoner convicted of an offense against the United States and confined in a penal or correctional institution for a definite term other than for life, whose record of conduct shows that he has faithfully observed all the rules and has not been subjected to punishment, shall be entitled to a deduction from the term of his sentence beginning with the day on which the sentence commences to run, as follows:

> Five days for each month, if the sentence is not less than six months and not more than one year.

> Six days for each month, if the sentence is more than one year and less than three years.

> Seven days for each month, if the sentence is not less than three years and less than five years.

> Eight days for each month, if the sentence is not less than five years and less than ten years.

> Ten days for each month, if the sentence is ten years or more."

**2.    Statutory good time chart.**  The chart below also shows the authorized rates of SGT that may be awarded for good conduct:

| | | |
|---|---|---|
| 0 to 6 Months | = | 0 Dys |
| 6 Months to 1 Year and 1 Day | = | 5 Dys Per Mo |
| 1 Year and 1 Day to 3 Years | = | 6 Dys Per Mo |
| 3 Years to 5 Years | = | 7 Dys Per Mo |
| 5 Years to 10 Years | = | 8 Dys Per Mo |
| 10 Years and More | = | 10 Dys Per Mo |

07 0734

FILED

APR 2 3 2007



NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

P.S. 5880.30
July 16, 1993
Chapter IV, Page 2

3.    **Statutory good time for often imposed sentences**.  The next chart shows the number of days **SGT** that can be earned for often imposed sentences:

```
180 Days (never equals 6 months)    =  0 Days
6 Months (5 Days Per Month)         = 30 Days
1 Year (5 Days Per Month)           = 60 Days
1 Year and 1 Day (6 Days Per Month) = 72 Days
2 Years (6 Days Per Month)          = 144 Days
3 Years (7 Days Per Month)          = 252 Days
4 Years (7 Days Per Month)          = 336 Days
5 Years (8 Days Per Month)          = 480 Days
6 Years (8 Days Per Month)          = 576 Days
7 Years (8 Days Per Month)          = 672 Days
8 Years (8 Days Per Month)          = 768 Days
9 Years (8 Days Per Month)          = 864 Days
10 Years (10 Days Per Month)        = 1200 Days
```

4.    **Statutory good time formula and examples**.  The formula for determining SGT for a single month, or any number of months, is: **Month(s) x rate = Days SGT.**

The formula for determining SGT for a partial month is: **Days x rate ÷ 30 = Days SGT for Partial Month (fractions are dropped).**

   **Example No. IV - 1:**

   The next example demonstrates the SGT calculation for a sentence of **4 years, 6 months and 10 days**.  The SGT rate is **7 days** per month (see paragraph 2, this chapter) and the resulting total days SGT is subtracted from an EFT of 05-15-81 to arrive at an SRD.

```
Years                       =    4 Years
Months in 1 Year            = x 12 Months
Months in 4 Years           =   48 Months
Odd Months                  = +  6 Months
Total Months                =   54 Months
SGT Rate                    = x   7 Days
Days SGT for 54 Months      =  378 Days

Days in Partial Month       =   10 Days
SGT Rate                    = x   7 Days
Numerator                   =   70
Denominator (Divided By)    =   30
Days SGT for Partial Month  =    2 Days (Fraction Dropped)
```

EXHIBIT "M"

**receive good time credit deductions.** This rule is based on DCDC's practice of not awarding good time credits to any mandatory minimum sentence regardless of whether the offense is covered in **§ 24-434** (see b. below).

16.15   An offense and sentence appendix is included in this manual to assist ISM staff in their monitoring function.

16.16   Minimum terms imposed on and after April 11, 1987 up to June 22, 1994 may receive DCIGT and DCEGT.  For offenses committed on and after June 22, 1994, minimum terms may receive only DCEGT and DCMGT (there is no DCMGT since no program is in place to award the credit).  As a result, the following rules will refer to "good time credits" which means that staff must be aware that minimum terms imposed for offenses committed on and after June 22, 1994 cannot receive DCIGT credits but only DCEGT and DCMGT credits.

16.17   Following are the rules that apply for the awarding of good time credits when a mandatory minimum term makes up some or all of the minimum term.

   a.   A minimum term imposed that is equal to the mandatory minimum term for that sentence will not receive good time credits.

   b.   A minimum term that exceeds the mandatory minimum portion, may receive good time credits for the difference between the date the mandatory minimum term expires and the date the total minimum term expires.  The final parole eligibility date may never be reduced to a date that is earlier than the date that would be established based <u>only</u> on the mandatory minimum term.

   c.   ✱For DCIGT purposes (for offenses committed from April 11, 1987 to June 22, 1994), the rate will be determined by the entire length of the minimum term imposed.  For example, a minimum term of 10 years with a mandatory minimum of 5 years would receive the DCIGT rate of 10 days per month for a total of 600 days (5 years x 12 months = 60 months x 10 days per month = 600 days).  After establishing the parole eligible date based on the minimum term, deduct the 600 days DCIGT from that date to

07 0734

FILED

APR 2 3 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

establish a new date.  This date is subject to
change since DCIGT credits may be forfeited and
restored.

    d.    DCEGT/DCMGT credits, as earned, will be deducted
from the DCIGT date, to establish an even earlier
parole eligibility date.  This date is also subject
to change since DCEGT is applied as earned.

    e.    DCEGT/DCMGT credits (for offenses committed on and
after June 22, 1994), as earned, will be deducted
from the minimum term date to establish a parole
eligibility date.  This date is also subject to
change since DCEGT is applied as earned.

**16.18**  **Exceptions to the application of institutional and
educational good time credits to the minimum term under
§ 24-434.** This applies to any offense committed on or
after April 11, 1987.  Under the provisions of **§ 24-
434, Exceptions,**

    *Institutional and educational good time
credits shall not be applied to the minimum
terms of persons sentenced under § 22-3202, §
33-501, §33-541, § 22-2404(b), § 22-2903, or
§ 22-3204(b).*

**16.19**    Title and section descriptions follow:

    a.    **§ 22-3202. Additional penalty for committing crime
when armed.**  See **§ 22-3201(f)** and **(g)** for the
definitions of crime of violence and dangerous
crime.

    b.    **§ 33-501. Definitions.**  Contains the definitions
relating to controlled substances.

    c.    **§ 33-541. Prohibited acts A; penalties.**  Contains
the prohibited acts and penalties relating to
controlled substances.  Mandatory minimum sentences
for this section became a nullity as a result of
D.C. Law 10-258, **District of Columbia Non-Violent
Offenses Mandatory-Minimum Sentences Amendment Act
of 1994**, which became effective on May 25, 1995 for
offenses occurring on and after that date, i.e.,
there are no mandatory minimum sentences for § 33-
541 offenses on and after May 25, 1995.